# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-0423
LT Case Nos. 2025-000044-CFMA
2024-000183-CFMA
2023-002046-CFMA

_____

THOR HAROLD BAHRMAN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for St. Johns County.
R. Lee Smith, Judge.

Matthew J. Metz, Public Defender, and Judson Searcy,
Assistant Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Kristen L.
Davenport, Assistant Attorney General, Daytona Beach, for
Appellee.

July 3, 2025

PER CURIAM.

In this *Anders*[1] appeal, we affirm the judgments and sentences imposed upon Appellant by the trial court in two cases below following Appellant's admission to violating his probation ("VOP") in each case. We also affirm the judgment and sentence imposed in a third case after Appellant pleaded nolo contendere to the charged offenses in that case. However, we remand for the correction of errors in the final judgments assessing costs in the two VOP cases and to correct the singular order of revocation of probation entered to include both lower court case numbers.

The cost judgment entered in each VOP case reassessed the sums of $100 for the cost of prosecution, $100 for the cost of indigency defense, a $50 public defender's application fee, and $100 investigative costs that had been imposed when Appellant was first sentenced. We direct the trial court to amend the VOP cost judgment in each case to delete these duplicative costs. *See Anderson v. State*, 380 So. 3d 1256, 1257 (Fla. 5th DCA 2024) (citing *Chivese v. State*, 295 So. 3d 324, 326 (Fla. 5th DCA 2020)).

Second, as to the costs specifically assessed in the VOP cases, the trial court ordered Appellant to pay the sum of $100 in each case for the public defender's application fee. On remand, the trial court is directed to correct these cost judgments to instead show the sum of $50 being assessed in each case for this application fee. *See* § 27.52(1)(b), Fla. Stat. (2024) ("An applicant shall pay a $50 application fee to the clerk for each application for court-appointed counsel filed.").

Third, the singular order of revocation of probation entered inadvertently failed to include both VOP case numbers, which we direct be corrected on remand.

AFFIRMED; REMANDED with directions to the trial court to issue amended cost judgments and a corrected order of revocation of probation consistent with this opinion.

JAY, C.J., and LAMBERT and HARRIS, JJ., concur.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____